IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-60-GMS |
| | : | |
| MALIK SAMUELS, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS**
**PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Malik Samuels, by and through his undersigned counsel, Eleni Kousoulis, Assistant Federal Public Defender for the District of Delaware, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth Amendment of the United States Constitution, for an Order suppressing the Government's use of any and all evidence obtained as a result of Mr. Samuels' unlawful arrest on or about March 6, 2008, including any and all statements made during, or subsequent to, the unlawful arrest.

In support thereof, Mr. Samuels submits as follows:[1]

1.   On or about March 6, 2008, Wilmington Police received information from an informant regarding a subject armed with a gun in the area of Lancaster Avenue and Franklin Street, Wilmington, Delaware. The informant advised that the subject would be wearing a green in color State Property jacket and blue jeans.

---

[1] The facts contained in paragraphs 1-4 of this motion were taken from the police reports provided as discovery in this case. Mr. Samuels cites these facts in his motion, but does not concede that the events transpired as stated in the reports. Mr. Samuels submits that an evidentiary hearing is needed to further develop the facts which are determinative of this motion.

2. Police officers arrived in the area and observed two individuals, later identified as Malik Samuels and Dwayne Kinard. Dwayne Kinard allegedly matched the description given by the informant.

3. The officers exited their vehicle and approached the two individuals. According to officers, as they approached the two individuals, Mr. Samuels was allegedly observed discarding an object under a car. Officers immediately took control of Mr. Samuels, forcing him to the ground. Officers allege that a firearm was then recovered from underneath a car a few feet from where Mr. Samuels was taken into custody.

4. Subsequent to being placed into custody, Mr. Samuels made several incriminating statements in response to questioning by the officers.

5. On April 10, 2008, a Grand Jury for the District of Delaware indicted Mr. Samuels for knowingly possessing a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2).

6. Mr. Samuels moves to suppress the firearm, on the ground that it was secured as the result of a warrantless search and seizure, in violation of the Fourth Amendment. Mr. Samuels further moves to suppress any statements made by him to police, on the ground they are the tainted fruits of the Fourth Amendment violation.

7. The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." <u>See</u> U.S. CONST. Amend. IV. As the Supreme Court has noted, "[n]o right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority

of law." Terry v. Ohio, 392 U.S. 1, 9 (1968) (citing Union Pacific Ry. Co. v. Botsford, 141 U.S. 250, 251 (1891)). The Fourth Amendment permits an officer to conduct a brief, investigatory stop if the officer has reasonable suspicion that "criminal activity may be afoot." Terry, 392 U.S. at 30.

8. In Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 567 (1971), the Supreme Court stated that if the "initial impetus" for an arrest is an informer's tip, information gathered by the arresting officers can be used to sustain a finding of probable cause for an arrest that could not be supported by the tip alone, if additional information acquired by the arresting officers corroborates the informer's tip that the arrestee committed the felony or was in the process of committing the felony."

9. Based upon information and belief, the police officers lacked reasonable suspicion to stop Mr. Samuels in the present case. With regard to the informant's tip regarding a person armed with a gun, no information has been provided to the defense to demonstrate the past proven reliability of the informant who provided the officers with the information in this case. Also, the officers did not observe any suspicious behavior by Mr. Samuels, or by the individual with him, when they arrived at the scene which would corroborate the informant's tip or justify a stop. Furthermore, based upon information and belief, at the time officers initially approached Mr. Samuels, they had their guns drawn and ordered him to stop. Mr. Samuels was arguably "seized" prior to allegedly discarding any objects. Anything recovered by the officers at that time or discarded by Mr. Samuels following his illegal seizure, must be suppressed, since no reasonable suspicion existed to support an investigative stop, and the officers lacked probable cause for Mr. Samuels' arrest. See e.g., Robinson v. Clemons, 987 F.Supp. 280 (D.Del. 1998) (stating that a police officer must have probable cause to make an

arrest), citing Terry, 392 U.S. at 20; United States v. Brignoni-Ponce, 422 U.S. 873, 881-82 (1975) ("Probable cause" means there are facts "sufficient to warrant a belief that the [suspect] has committed or is committing a crime . . .").

10. While the Supreme Court has held that individuals do not have a reasonable expectation of privacy in abandoned property and that abandoned property is therefore outside the protections of the Fourth Amendment, Abel v. United States, 362 U.S. 217, 241, 80 S.Ct. 683, 698 (1960), when the government seizes evidence without a warrant, and seeks to justify the seizure on grounds of abandonment, the government has the burden of proving by "clear and unequivocal evidence" the intent on the part of the defendant to abandon the property. United States v. Fulani, 368 F.3d 351, 354 (3d Cir. 2004).

11. Because Mr. Samuels' seizure and arrest were illegal, all evidence, including any alleged statements taken from Mr. Samuels during, or subsequent to, his arrest, must be suppressed in accordance with the "fruit of the poisonous tree doctrine" expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

12. Mr. Samuels reserves the right to file a Memorandum of Law in support of his Motion to Suppress Physical Evidence and Statements after the completion of a hearing in this matter.

**WHEREFORE**, Mr. Samuels respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and enter an Order suppressing the Government's use of any and all physical evidence illegally seized from him on or about March 6, 2008, including all statements made during, or subsequent to, his unlawful seizure and arrest.

Respectfully submitted,

 /s/ Eleni Kousoulis
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
Federal Public Defender's Office
One Customs House, Suite 110
704 King Street
Wilmington, DE  19801
302-573-6010
ecf_de@msn.com

Attorney for Malik Samuels

Dated: May 13, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-60-GMS |
| | : | |
| MALIK SAMUELS, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

The Court having considered Defendant Samuels' Motion to Suppress Evidence and Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2008, that any evidence seized from Mr. Samuels on or about March 6, 2008, including any statements made by Mr. Samuels to law enforcement officials on or about March 6, 2008, shall be suppressed.

_____
Honorable Gregory M. Sleet
Chief Judge, United States District Court