IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Criminal Action No. 08-60-GMS |
| | ) |
| MALIK A. SAMUELS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz, Assistant United States Attorney, and the defendant, Malik A. Samuels, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The maximum penalties for Count One are a term of imprisonment of ten years; a $250,000 fine, or both; three years supervised release; and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count One of the Indictment: (1) that the defendant knowingly possessed a firearm; (2) that at the time of the defendant's possession of the firearm, he had been convicted previously of a crime punishable by a term of imprisonment exceeding one year;

and (3) that the firearm affected interstate commerce, that is, that it had previously crossed state lines.

3. In connection with this Memorandum, the defendant admits: (1) that, on or about March 6, 2008, he knowingly possessed a firearm, that is, a Smith & Wesson .38 caliber revolver, Model Number 64-1, Serial Number D759789; (2) that at the time the defendant possessed the firearm, he had been convicted previously on or about September 25, 2006, of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the State of Delaware, in and for New Castle County; and (3) that prior to the defendant's possession of the firearm, the firearm crossed state lines into Delaware.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage, the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United

States agrees to recommend a three-level reduction in the defendant's Sentencing Guidelines range pursuant to U.S.S.G. § 3E1.1.

6. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

*Eleni Kousoulis*          By: *Robert F. Kravetz*

Eleni Kousoulis, Esquire        Robert F. Kravetz
Attorney for Defendant         Assistant United States Attorney

*Malik A. Samuels*

Malik A. Samuels
Defendant

Dated: July 9, 2008

**AND NOW**, this __9th__ day of __July__ 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~(rejected)~~ by this Court.

Hon. Gregory M. Sleet
Chief United States District Judge

FILED
JUL - 9 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

4